UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN FIGUEROA II**
751 Churchill Road, Apt. 5
Girard, Ohio 44420

    **Plaintiff,**                                      **JUDGE**

vs.

**PORTAGE COUNTY SHERIFF**        **COMPLAINT**
**DEPARTMENT**                                **JURY DEMAND**
**8240 Infirmary Road**
**Ravenna, Ohio 44266**

and

**JOHN DOE**

    **Defendants.**

___

    Now comes the Plaintiff, by and through undersigned counsel, Eric D. Hall, and for his Complaint state as follows:

1. Defendant Portage County Sheriff Department, (Hereinafter referred as Defendant Sheriff and/or Defendants) is located in the City of Ravenna, State of Ohio.

2. Plaintiff John Figueroa II, (Hereinafter referred as "Plaintiff") is a male African American resident of Girard, State of Ohio.

3. That on or about July 28, 2017, Plaintiff and his family were at the Comfort Inn in the City of Kent, Ohio for a children's birthday.

4. That while on their way home, Plaintiff and his family were subjected to an unlawful traffic stop by Defendant John Doe officer employed by Defendant Sheriff.

5. Plaintiff' and his family were unlawfully detained, subjected to false arrest, and Plaintiff's vehicle was unlawfully searched.

6.  That Defendant John Doe officer and Defendant Sheriff unlawfully seized property in the form of U.S. currency from Plaintiff.  Defendant Sheriff and Defendant John Doe officer acting under the color of state law deprived Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution.

7. On August 3, 2017, Plaintiff was indicted by a Portage County Grand Jury on one Count of Possession of Cocaine, R.C. 2925.11 (A) (C) (4) (a), a felony of the fifth degree with a forfeiture specification as to the U.S. currency seized from Plaintiff.  Plaintiff was deprived of liberty.

8. On February 1, 2018 the case proceeded to trial.  On February 9, 2018, Plaintiff was acquitted on each and every Count of the Indictment and the Specification of Forfeiture.

9. Plaintiff suffered damage, injury and loss as a result of Defendants' actions.  Defendants' conduct was extreme and outrageous and intended to cause Plaintiff serious emotional distress.

## COUNT I

(Intentional Infliction of Emotional Distress)

10.  The allegations of Paragraphs 1 to 9 are herein incorporated by reference.

11.  Defendants' actions against Plaintiff resulted in the intentional infliction of emotional distress on Plaintiff.

12. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injury, damage, and loss.

## COUNT II

(Violation of 42 U.S.C. Section 1983)

13. As a further and separate cause of action Plaintiff states as follows:

14. The allegations of Paragraphs 1 through 13 are herein incorporated by reference.

15. Defendant Sheriff and Defendant John Doe officer acting under the color of state law deprived Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution.

16. As a direct and proximate result of Defendant Sheriff and Defendant John Doe officer's actions, Plaintiff suffered injury, including emotional distress and other damage.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.000) for liquidated/punitive damages as determined at trial, together with reasonable attorney fees, interest according to law and the costs of this action.

Respectfully Submitted,

/s/ Eric D. Hall_____
Eric D. Hall, #0067566
Attorney for Plaintiff
P.O. Box 232
Medina, Ohio 44258
(330) 245-7504
attorneyhall@yahoo.com

## JURY DEMAND

A TRIAL BY JURY IS HEREBY ON ALL ISSUES SO TRIABLE.

/s/ Eric D. Hall_____
Eric D. Hall, #0067566
Attorney for Plaintiff