UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN FIGUEROA, II, ,        Plaintiff,    v. PORTAGE COUNTY SHERIFF DEPARTMENT, et al.,        Defendants. | Case No. 1:19CV01705 Judge John R. Adams **ORDER** |

This matter is before the Court on the motion of defendant Portage County Sheriff Department for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Plaintiff John Figueroa, II has responded to the motion, and the Sheriff Department has replied. Accordingly, the motion is ripe for consideration.

Having considered the pleadings, the parties' arguments, and applicable law, the Court hereby Orders that the Motion for Judgment on the Pleadings (Doc. 9) is GRANTED. The reasons for the Court's ruling are set forth below.

I.    **BACKGROUND**

Plaintiff's complaint arises from an alleged encounter with the Portage County Sheriff's Department on or about July 28, 2017. (Complaint ¶3.) Plaintiff alleges that he and his family were subjected to an unlawful traffic stop by an unidentified employee of the Sheriff's Department. (Complaint ¶ 4.) Plaintiff claims that he and his family were falsely arrested and his car unlawfully searched. (Complaint ¶ 5.) Plaintiff further alleges that he was indicted for possession of cocaine, but acquitted on February 9, 2018. (Complaint ¶¶6-8.) His complaint

1

asserts two claims: (1) intentional infliction of emotional distress and (2) Constitutional violations under 42 U.S.C. § 1983.

## II.     LEGAL STANDARD

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). A motion to dismiss tests the legal sufficiency of the complaint. *See Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 795 (N.D. Ohio, 2012). The Court accepts as true all well-pleaded factual allegations and construes the complaint in the light most favorable to the plaintiff. *Id.* This does not mean, however, that everything in a complaint, or every inference that can be drawn therefrom, must be accepted at face value. The Court need not accept legal conclusions or unwarranted factual inferences at the motion to dismiss stage. *Id*. A complaint must "provide the grounds of [the plaintiff's] entitlement to relief," which "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). "[A] formulaic recitation of the elements of a cause of action will not do" to overcome a motion to dismiss. *Id.*

## III.    DISCUSSION

As an initial matter, Plaintiff failed to respond to the Sheriff Department's motion for judgment on his claim for intentional infliction of emotional distress. Accordingly, Plaintiff has waived or abandoned this claim. *Notredan, L.L.C. v. Old Republic Exchange Facilitator, Co.*, 531 Fed. App'x 567, 569 (6th Cir. 2013).

Further, Plaintiff's § 1983 claim must be dismissed because, under Ohio law, a county sheriff's department is not a legal entity capable of being sued. *Petty v. County of Franklin*, 478

F.3d 341, 344 (6th Cir. 2007). Indeed, neither a county sheriff's office nor a county sheriff's department is *suis juris*. *Id*. Thus, Plaintiff's claim must be dismissed.

Lastly, Plaintiff's § 1983 claim is not tenable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). With respect to *Monell* claims, a complainant must include facts from which the Court can at least infer that the violation was caused by an official policy or custom of the political subdivision. *See, e.g., Dowling v. City of Barberton*, 2008 WL 4415931, at *3 (N.D. Ohio Sept. 24, 2008) ("to survive a motion to dismiss, a *Monell* plaintiff need only plead a constitution violation and allege that the violation was caused by an official policy or custom"). In this complaint, there are no such facts.

Plaintiff did not make any accusations of wrongdoing against this Defendant. Rather, Plaintiff's claim for relief is based on a theory of vicarious liability, *i.e.*, that Defendant is liable solely because it employed a deputy sheriff who allegedly committed constitutional violations. But *respondeat superior* irrefutably does not provide a basis of liability under Section 1983. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). In the absence of facts that establish a plausible theory of liability against Defendant, the complaint must be dismissed.

### IV.  CONCLUSION

For the reasons stated herein above, the Court finds that the complaint fails to state a claim against the Portage County Sheriff Office. Accordingly, the motion for judgment on the pleadings under Rule 12(c) (Doc. 9) is GRANTED.

IT IS SO ORDERED.

Dated: June 1, 2020                                 s/John R. Adams
                                                                                                               JOHN R. ADAMS
                                                                                                               UNITED STATES DISTRICT JUDGE